UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61557-BLOOM/Reid

BRANDON CARRIER,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

## ORDER

**THIS CAUSE** is before the Court on Movant, Brandon Carrier's Objection to Magistrate Report, ECF No. [24], filed July 7, 2020. On April 23, 2020, Magistrate Judge Lisette M. Reid entered a Report, ECF No. [19], recommending Movant's Motion Under [Section] 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. [1],[1] be denied. The Report informed Movant that objections to the Report, if any, must be filed "within fourteen days of the date of service of [the Report]." Report 26. On June 22, 2020, having received no objection from Movant, the Court entered an Order, ECF No. [22], adopting Judge Reid's Report and denying Movant's Motion. *See* Jun. 22, 2020 Order 5.

Movant now informs the Court he belatedly mailed his Objection because he was diagnosed with COVID-19, confined in quarantine, and had no access to legal materials to formulate his Objection. *See* Obj. 6. Accordingly, the Court finds good cause to consider Movant's belated Objection.

When a magistrate judge's "disposition" has been objected to, district courts must review

---

[1] Movant submitted a brief in support of his Motion. *See* Briefing in Support of 28 Title USC [Section] 2255 Application, ("Brief") ECF No. [3].

the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added; citation omitted).

Movant's Objection is a reiteration of the arguments made in his Motion. Movant argues counsel provided ineffective assistance at sentencing because counsel failed to object to sentencing enhancements under United States Sentencing Guidelines ("U.S.S.G"), sections 2G2.1 and 4B1.5. *See* Obj. 2. Movant also argues he should not have been "held liable to direct engagement with a minor to achieve [an] enhance[ment] [with regard to the] Count I conviction under 18 Title U.S.C. [section] 2251(a)." *Id.* 3.

As discussed in the Report, Movant was convicted and sentenced for attempted production of child pornography under 18 U.S.C section 2251. *See* Report 5; Plea Agreement, CR ECF No. [24] ¶ 1.² Movant received a sentencing enhancement under U.S.S.G. 2G2.1 because his offense involved a minor child under the age of 12. *See* Report 1, 9. In his Brief before Magistrate Judge Reid, Movant argued (1) the section 2G2.1 enhancement should not have been applied because he communicated with an undercover officer, and not an actual child; and (2) the enhancement was inappropriately applied because he made no "direct attempt to manufacture pornography with a prepubescent female." Brief 6; *see also id.* 5.

Judge Reid concluded, and the Court agrees, that Movant's arguments failed under *United States v. Lee*, 603 F.3d 904 (11th Cir. 2010). In *Lee*, the Eleventh Circuit affirmed the defendant's conviction for attempted enticement of a minor to engage in sexual activity, attempted enticement of a minor to produce child pornography, and knowing receipt of child pornography. *See generally*

---

² The underlying criminal case is Case No. 17-cv-60052. Citations to the criminal docket are denoted "CR ECF No."

2

*id.* As here, the defendant in *Lee* communicated with an adult intermediary about fictitious minors. *See id.* at 908. Like Movant, the defendant was convicted under 18 U.S.C. section 2251(a), and argued (as Movant does here), his conviction was unfounded because did not communicate directly with a real minor. *See id.* 912–13. The court "squarely rejected the argument that because the defendant did not directly communicate with a minor or a person, he believed to be a minor, his conduct was not criminally proscribed." *Id.* (alterations adopted, internal quotation marks and citations omitted).[3] *Lee* directs the same result here with respect to Movant's argument he should not have been "held liable to *direct* engagement with a minor to achieve [an] enhance[ment] [with regard to the] Count I conviction under 18 Title U.S.C. [section] 2251(a)." Obj. 3 (emphasis added).

Movant's argument the U.S.S.G. 2G2.1 enhancement should not have been applied to his section 2251(a) conviction because he did not "communi[cate] with an individual believed to be a minor" Obj. 2, is foreclosed by comment 1 to U.S.S.G. 2G2.1, which defines a "minor" to include "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or . . . an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years." *See also United States v. Bohannon*, 476 F.3d 1246, 1252 (11th Cir. 2007) (rejecting the defendant's argument a 2G2.1 sentence enhancement based on the age of a fictitious victim was an impermissible sentencing "manipulation.")

---

[3] The court made this finding with respect to the defendant's conviction under 18 U.S.C. section 2422(b), but later held "[t]he same is true of [the defendant's] conviction under section 2251(a)[.]" *Lee*, 603 F.3d 913.

Movant argues his counsel was ineffective for failing to object to the PSI where it applied a sentence enhancement under U.S.S.G. 4B1.5. However, the Report concluded, and the Court agrees, "[s]ection 4B1.5(b)(1) applies in any case in which (1) the conviction is a covered sex crime, (2) the defendant engaged in a pattern of activity involving prohibited sexual conduct, and (3) the defendant is not a Career Offender or repeat sex offender." Report 19.

Construed liberally, Movant now appears to argue the section 4B1.5 and 2G2.1 enhancements should have only been applied if the Government "satisfie[ed] the State of Florida Statutory terms in determining [whether] Movant directly employed, used, persuaded, induced, enticed, or coerced any minor." Obj. 2. Movant directs the Court to several cases, "reconciling [the] use of 18 Title U.S.C. [section] 2422(b) with state statutory terms encompassing an undercover law enforcement officer and/or minor," including: *United States v. Kelly*, No. 99-10100-01, 2000 WL 433093 (D. Kan. Mar. 2, 2000);[4] *United States v. Thurber*, 215 F. App' x 677 (9th Cir. 2006); *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011); and *Aplin v. State*, 889 N.E.2d 882 (Ind. Ct. App. 2008), *overruled by King v. State*, 921 N.E.2d 1288 (Ind. 2010).[5]

The foregoing cases are inapposite. First, Movant was convicted under 18 U.S.C. section 2251, not section 2422(b). Second, Movant fails to explain how any of cases, none of which are binding, support his contention that a sentencing enhancement may only be applied to a conviction

---

[4] Movant cites to *Untied States v. Kelly*, 2000 U.S. Dist. Lexis (10th Cir. 2000). *See* Obj. 3. The Lexis citation provided is for a case from the United States District Court for the District of Kansas. The Court uses the parallel West Law Citation.

[5] In *Aplin*, the defendant was convicted under two Indiana criminal statutes for attempted sexual misconduct with a minor and child solicitation. *See* 89 N.E.2d at 883. The court of appeals reversed the attempted sexual misconduct conviction because the defendant communicated with a detective *acting* as a child, and not an actual child in the age range covered by the relevant statute. *See id.* 884. The Indiana Supreme Court later overruled *Aplin*, finding "[i]t matters not that [a defendant's] intended recipient was an adult; the Attempt statute makes clear that such 'a misapprehension of the circumstances' is no defense." *King*, 921 N.E. at 1291.

4

for a federal offense if the Government shows the defendant's underlying conduct also violates a parallel state criminal statute.

Accordingly, having fully considered Movant's Objection, it is

**ORDERED AND ADJUDGED** that,

1. The Report and Recommendation, **ECF No. [19]** is **ADOPTED**.

2. Movant's Motion, **ECF No. [1],** is **DENIED**.

3. A certificate of appealability shall **NOT** issue.

4. The Clerk of Court is directed to **CLOSE** this case and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Brandon Carrier, *pro se*;
counsel of record
Magistrate Judge Lisette M. Reid